UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| LUKASZ GOTTWALD p/k/a DR. LUKE, individually and doing business as Kasz Money Publishing; BENJAMIN LEVIN p/k/a BENNY BLANCO, individually and doing business as Matza Ball Music; KESHA SEBERT, individually and doing business as Dynamite Cop Music; and PRESCRIPTION SONGS LLC d/b/a Where Da Kasz At?, | CASE NO. **11 CIV 1432** <br><br> **COMPLAINT FOR DECLARATORY RELIEF, DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT AND DEFAMATION** <br><br> **DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| CHRISTINA S. JONES p/k/a CHRISSY; DOW S. BRAIN; BRADLEY K. YOUNG; SAM CONJERTI JR.; and DOES 1-10, | |
| Defendants. | |

Plaintiffs Lukasz Gottwald p/k/a Dr. Luke ("Gottwald"), Benjamin Levin p/k/a Benny Blanco ("Levin"), Kesha Sebert p/k/a Ke$ha ("Kesha") and Prescription Songs LLC d/b/a Where Da Kasz At? ("Prescription Songs") (collectively, "Plaintiffs"), by their attorneys, Mitchell Silberberg & Knupp LLP, for their Complaint against Defendants Christina S. Jones p/k/a Chrissy ("Jones"), Dow S. Brain ("Brain"), Bradley K. Young ("Young"), Sam Conjerti Jr. ("Conjerti"), and Does 1-10 (collectively, "Defendants") allege, upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## NATURE OF THE CLAIMS

1.     Plaintiffs bring this action seeking a declaratory judgment that their musical composition *"Tik Tok"* does not infringe any alleged copyright in a composition entitled *"My Slushy"*, purportedly authored by Defendants Brain, Young and Conjerti (collectively, the "Composer Defendants"). In this action, Plaintiffs also seek monetary damages and injunctive relief for Defendants' direct or contributory copyright infringement of the copyright in Plaintiffs'

composition "*Tik Tok*".  Lastly, Gottwald seeks monetary damages for Jones' defamatory statements of and concerning him posted on the Internet.

2.      The three individual Plaintiffs are hugely successful songwriters and musical artists.  Gottwald, professionally known as "Dr. Luke", currently holds the record for co-writing the *most Number One songs of any songwriter in history*, creating mega hit after mega hit for top recording artists including Katy Perry and Britney Spears.  Gottwald was named by Billboard as one of the top ten producers of the decade in 2009, as well as the Number One Hot 100 Songwriter of the Year and the Number One Producer of the Year in 2010.  Levin, professionally known as "Benny Blanco", is also one of the most sought-after songwriters and producers in the entertainment business, receiving two Pop Music Awards from BMI in 2009.  Kesha is an immensely popular recording artist and songwriter, with her debut 2010 album "*Animal*" topping the BillBoard Hot 100 Chart at Number One for nine consecutive weeks, and garnering sales of two million copies worldwide.  "*Tik Tok*" was the best selling single *worldwide* in 2010, selling more than 12.8 million copies in that year alone, and topped the charts in eleven countries.

3.      On the other hand, the Composer Defendants and Jones are unknown in the music industry, with no discernable track record of any commercial or critical successes as either artists or songwriters.

4.      Plaintiffs are compelled to bring this action to stop Defendants' campaign to malign their reputations and falsely accuse them of copyright infringement by the exploitation of "*Tik Tok*".  Defendants' accusations are baseless and false, and vigorously disputed.  "*Tik Tok*" was not copied from and does not infringe any purported copyright owned by the Defendants, and is a wholly independent work created by the Plaintiffs.  "*Tik Tok*" is one of Plaintiffs' major successes solely because of their talent, abilities and hard work.  This achievement and Plaintiffs' enviable status in the industry (which leaves them vulnerable as targets for baseless attacks such as these) were gained as a result of their independent work – not as a result of "copying".

575442.1

5.      Over the past year, Defendants have embarked on a well-publicized smear campaign on the Internet, and otherwise, falsely asserting that "*Tik Tok*" infringes an unregistered copyright in an obscure composition allegedly authored by the Composer Defendants entitled "*My Slushy*". Defendants' efforts clearly were designed to ride the coattails of Plaintiffs' fame, garner interest in the unknown music of Jones and the Composer Defendants, and seek to extract monies from the Plaintiffs to quell Defendants' wrongful assault on Plaintiffs' reputations as artists and songwriters.

6.      Defendants have even resorted to the outrageous tactic of *themselves* committing infringement of Plaintiffs' copyright in "*Tik Tok*" – all in pursuit of this improper agenda. Defendants created, posted and/or caused to be posted a video on www.YouTube.com entitled "Ke$ha's 'Tik Tok' and Chrissy's 'My Slushy' – Compare!", accessible at http://www.youtube.com/watch?v=aHHV69OuqSU (the "You Tube Video"). The You Tube Video features the unauthorized use of Kesha's sound recording of "*Tik Tok*" and a recording of the alleged composition "*My Slushy*" with accompanying visual text falsely accusing Plaintiffs of plagiarism. Defendants' infringing use of Plaintiffs' composition has appeared on multiple other websites, including www.buzzfeed.com.

7.      Defendants' campaign reached its apex with Jones' January 15, 2011 blog post on her webpage on the "social networking" website MySpace.com. To generate media interest and obtain publicity and exposure, Jones published the false statement of fact that Gottwald "jacked" – or in other words, stole – material from "*My Slushy*", as well as copyrighted material from another artist's song. Jones' knowingly false and defamatory statement intentionally creates and fuels the false impression that Gottwald is a plagiarist who infringes upon the copyrights of other artists. In publishing this statement, Jones intended to and did expose Gottwald to public contempt, ridicule and disgrace.

-3-

8.    Defendants Jones, Brain and Young also have interfered with Plaintiffs' publishing income interest in *"Tik Tok"*. By falsely claiming to Sony Music Label Group that *"Tik Tok"* infringes *"My Slushy"*, these Defendants caused RCA/Jive (the Sony Music record label that released the album *"Animal"* on which the musical composition *"Tik Tok"* is embodied) to demand indemnification based on a breach of a warranty and representation solely as a result of these Defendants' baseless claim of infringement. By these Defendants' wrongful actions, Plaintiffs' publishing income interest in *"Tik Tok"* has been damaged.

9.    Plaintiffs, who are in the position of being visible public targets by virtue of their fame and success, require Court intervention to put an end to Defendants' public frivolous accusations that the composition *"Tik Tok"* infringes anything owned by Defendants, their public denigration of Plaintiffs' valuable reputations, and their attempts to damage Plaintiffs' economic interests in *"Tik Tok"*.

## JURISDICTION AND VENUE

10.   This is a civil action brought under the United States Copyright Act, 17 U.S.C. § 101 et seq., ("Copyright Act") seeking declaratory relief that Plaintiffs have not infringed any copyright held by the Composer Defendants in a composition entitled *"My Slushy"*, seeking damages and injunctive relief for Defendants' direct and contributory copyright infringement, and seeking damages from Jones for defamation.

11.   This Court has subject matter jurisdiction over Plaintiffs' claims for declaratory relief under the Copyright Act and copyright infringement under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338(a), and § 2201. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Gottwald's state law claim for defamation in that such claim is so related to Plaintiffs' claims under the Copyright Act as to be part of the same case or controversy.

-4-

12.     This Court has personal jurisdiction over Defendants pursuant to, *inter alia*, New York Civil Practice Law and Rules §§ 301 and 302.  This Court has personal jurisdiction over Defendant Conjerti because he resides in the State of New York.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and/or 1400(a).

## THE PARTIES

14.     Plaintiff Gottwald is a songwriter, a co-author of the musical composition entitled "*Tik Tok*", and a legal and/or beneficial owner of a copyright interest in and to that musical composition.

15.     Plaintiff Levin is a songwriter, a co-author of the musical composition entitled "*Tik Tok*", and a legal and/or beneficial owner of a copyright interest in and to that musical composition.

16.     Plaintiff Kesha is a songwriter, a recording artist, a co-author of the musical composition entitled "*Tik Tok*", and a legal and/or beneficial owner of a copyright interest in and to that musical composition.

17.     Plaintiff Prescription Songs LLC is an owner of a copyright interest in and to the musical composition entitled "*Tik Tok*" and an exclusive publisher of such work.

18.     Defendant Jones purports to be an unsigned recording artist who records under the name "Chrissy" who claims to have recorded a musical composition entitled "*My Slushy*", purportedly co-authored and co-owned by the Composer Defendants.

19.     Defendant Brain purports to be an owner and operator of Underground Productions Inc. which maintains a webpage on MySpace.com that identifies Underground Productions Inc. as located in and/or doing business in New York.  Brain is a claimed co-author and co-owner of a musical composition entitled "*My Slushy*" on the copyright application form circulated by his lawyer to Sony Music Label Group.

-5-

20.     Defendant Young purports to be an owner and operator of Underground Productions Inc. which maintains a webpage on MySpace.com that identifies Underground Productions Inc. as located in and/or doing business in New York.  Young is a claimed co-author and co-owner of a musical composition entitled "*My Slushy*" on the copyright application form circulated by his lawyer to Sony Music Label Group.

21.     Defendant Conjerti is a claimed co-author and co-owner of a musical composition entitled "*My Slushy*" on the copyright application form circulated by a lawyer for Jones, Brain and Young to Sony Music Label Group.

22.     The defendants sued herein as Does 1 through 10, inclusive (the "Doe Defendants") are individuals who have committed and/or participated in the infringing acts as alleged herein.  The true names and capacities, whether individual, corporate, associate, or otherwise, of the Doe Defendants are unknown to Plaintiffs, who sue said defendants by such fictitious names.  If necessary, Plaintiffs will seek leave to amend this complaint to state the Doe Defendants' true names and capacities.  The Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth, including posting and/or assisting with posting the You Tube Video.

23.     At all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

## FACTUAL BACKGROUND

### Plaintiffs' Authorship of and Ownership in the Copyright of "*Tik Tok*"

24.     The individual Plaintiffs are co-authors of the music and lyrics to the musical composition "*Tik Tok*".  Plaintiffs own rights and title to the copyright in the composition *"Tik Tok"*.

25.     Plaintiffs have complied with the formalities of the copyright law for the registration of the copyright in the musical composition "*Tik Tok.*" The United States copyright registration number for the musical composition "*Tik Tok*" is PA 0001688442.

26.     "*Tik Tok*" was recorded in 2009 by Kesha, and released in August 2009 as the lead single from Kesha's debut album "*Animal*", which was subsequently released by RCA/Jive in January 2010.

## Defendants' Wrongful Assertions of Copyright Infringement

27.     Over the course of the past year, Defendants and/or their agents have made public statements on the Internet that "*Tik Tok*" infringes "*My Slushy*".

28.     Defendants Jones, Brain and Young – through their counsel – have made such accusations in a letter dated January 7, 2011 to the Chairman of Sony Music Label Group in New York, New York. This letter claims that Plaintiffs' composition "*Tik Tok*" infringes the copyright in "*My Slushy*", a composition authored by the Composer Defendants and recorded by Jones. By falsely asserting that Plaintiffs' composition "*Tik Tok*" infringes the Composer Defendants' copyright in "*My Slushy*", Jones, Brain and Young caused RCA/Jive, the Sony Music record label that released the album "*Animal*" on which the musical composition "*Tik Tok*" is embodied, to demand indemnification based on a breach of a warranty and representation solely as a result of these Defendants' baseless claim of infringement. By these Defendants' wrongful actions, Plaintiffs' publishing income interest in "*Tik Tok*" has been damaged. This action by Jones, Brain and Young comprises a substantial part of the events giving rise to, *inter alia,* Plaintiffs' declaratory relief claim in this action.

29.     These acts were done to bolster Defendants' careers in the music industry, and to harass Plaintiffs and to damage their economic interests in the musical composition "*Tik Tok*".

-7-

575442.1

**Defendants' Infringement of Plaintiffs' Copyright**

30.     Defendants and/or their agents committed the further wrongful act of infringing Plaintiffs' copyright interests in "*Tik Tok*", when in or around January 2010, Defendants and/or their agents created and/or posted (or caused to be created and/or posted) the You Tube Video, which features an unauthorized use of the sound recording embodying Plaintiffs' copyrighted musical composition "*Tik Tok*". This infringing use of Plaintiffs' composition has appeared on multiple other Internet websites, including www.buzzfeed.com.

31.     The You Tube Video includes and plays a substantial portion of the sound recording and musical composition "*Tik Tok*" as performed and recorded by Kesha, then plays a portion of "*My Slushy.*" The You Tube Video also contains visual text which falsely accuses Plaintiffs of plagiarism.

32.     Defendants do not have any license, authorization, permission, or consent to use Plaintiffs' copyrighted work "*Tik Tok.*"

**Additional Wrongful Acts of Defendant Jones**

33.     On January 15, 2011, in yet another entirely transparent and improper attempt to garner public attention for herself, Jones published defamatory statements about Gottwald on her MySpace.com blog, which is accessible at http://www.myspace.com/chrissyofficialtunes/blog

34.     Specifically, Jones falsely asserted on her MySpace.com blog that Gottwald in fact stole – or "jacked", which is slang for stealing – material from the musical composition "*My Slushy*" because Jones is "a lowly, indie artist that didn't care."

35.     Jones similarly falsely asserts on her MySpace.com blog that Gottwald in fact "jacked" – or, in other words, stole – copyrighted material from another artist's song as well. Jones' knowingly false and defamatory statements intentionally create and fuel the false accusation and impression that Gottwald is a plagiarist who intentionally infringes upon the

-8-

copyrights of other artists and that Gottwald lacks artistic integrity. In publishing such

statements, Jones intended to and did expose Gottwald to public contempt, ridicule and disgrace.

## COUNT I

## FOR DECLARATORY RELIEF

### [By Plaintiffs Against The Composer Defendants]

36.     Plaintiffs incorporate herein by this reference each and every averment contained

in paragraphs 1 through 35 of the Complaint.

37.     Defendants and/or their agents contend that "*Tik Tok*" infringes "*My Slushy.*"

38.     Plaintiffs have not copied in any way any materials claimed to be owned by the

Composer Defendants or any Defendant in "*My Slushy*".

39.     "*Tik Tok*" does not infringe "*My Slushy*" in any respect.

40.     Plaintiffs independently created the musical composition "*Tik Tok.*"

41.     By reason of the foregoing, an actual and justiciable controversy has arisen and

now exists between Plaintiffs, on the one hand, and the Composer Defendants, on the other hand,

regarding whether "*Tik Tok*" infringes "*My Slushy.*"

42.     Plaintiffs request a judicial declaration determining that "*Tik Tok*" was

independently created, does not copy or infringe "*My Slushy*," and that Plaintiffs have no liability

to the Composer Defendants.

43.     Such a declaration is necessary and appropriate because a substantial controversy

exists between parties having adverse legal interests as to the alleged violation of copyrights over

"*Tik Tok*", and it is of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment.

575442.1

## COUNT II

## DIRECT COPYRIGHT INFRINGEMENT

### [By Plaintiffs Against All Defendants]

44.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 43 of the Complaint.

45.     Defendants have infringed Plaintiffs' copyright in the musical composition "*Tik Tok*" by reproducing, distributing, and/or publicly performing that musical composition without authorization in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

46.     Each such infringement by Defendants of the musical composition "*Tik Tok*" constitutes a separate and distinct act of infringement.

47.     Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of the Plaintiffs.

48.     As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, the Plaintiffs are entitled to maximum statutory damages of $150,000 for each act of copyright infringement or such other amount as may be proper under 17 U.S.C. § 504(c).

49.     Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

50.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the musical composition "*Tik Tok*."  Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

-10-

575442.1

## COUNT III

## CONTRIBUTORY COPYRIGHT INFRINGEMENT [In the Alternative]

### [By Plaintiffs Against All Defendants]

51.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 50 of the Complaint.

52.     The aforementioned posting of the You Tube Video constitutes an infringement of Plaintiffs' copyright in the musical composition "*Tik Tok*," including the exclusive rights of reproduction, distribution, and public performance, 17 U.S.C. §§ 106 and 501.

53.     Defendants have, with knowledge, materially contributed to and/or induced or caused unauthorized reproductions, distributions, and/or public performances of the musical composition "*Tik Tok*" by contributing to the website www.youtube.com, and thus Defendants have materially contributed to and/or induced or caused the infringement of the Plaintiffs' copyright.

54.     The infringement of "*Tik Tok*" by the You Tube Video has been materially contributed to and/or induced by Defendants, and each contribution constitutes a separate and distinct act of infringement.

55.     Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

56.     As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or such other amount as may be proper under 17 U.S.C. § 504(c).

57.     Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

58.    As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the musical composition "*Tik Tok.*"  Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

<u>**COUNT IV**</u>

**DEFAMATION**

**[By Gottwald Against Jones]**

59.    Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 58 of the Complaint.

60.    Gottwald has received international acclaim and respect from his peers both in the music and entertainment industries and from the public at large.  Gottwald is one of the most talented and sought after songwriters and producers in the entertainment business.

61.    Jones has intentionally made and published false statements of fact about Gottwald to a large audience of various persons via her webpage on <u>MySpace.com</u>.

62.    On January 15, 2011, Jones published on her <u>MySpace.com</u> blog utterly false defamatory statements asserting that Gottwald is in fact an intentional and habitual plagiarizer of others' musical works.  Specifically, Jones falsely asserted that Gottwald in fact stole – or "jacked", which is slang for stealing – copyrighted material from the musical composition "*My Slushy*".  Similarly, Jones also falsely asserted that Gottwald "jacked" – or again, stole – copyrighted material from another artist's song as well.  Jones' knowingly false and defamatory statements intentionally assert, imply and create the reasonable inference that Gottwald is unable to honestly perform his trade, occupation, and business services and that he is a plagiarist who intentionally and repeatedly copies others' creations in violation of copyright laws.

-12-

63.     Jones' published statements of and concerning Gottwald as alleged above are libelous *per se* in that said statements were intended to and did injure Gottwald with respect to his profession, trade, occupation or business, and charge Gottwald with violating the copyright laws.  In publishing such statements, Jones intended to and did expose Gottwald to ridicule, public contempt, aversion, or disgrace, and induced a poor opinion of his good name and business reputation.  In addition, Jones' comments by their natural consequences have caused and will continue to cause actual damages to Gottwald.

64.     Jones' published statements of and concerning Gottwald as alleged above are false and defamatory.

65.     At the time Jones published the false and defamatory statements of fact of and concerning Gottwald as alleged above, she knew that such statements were false, and made such statements intentionally to inflict harm upon Gottwald.  Jones' false and defamatory statements about Gottwald were published with actual malice, that is, with knowledge of their falsity or with reckless disregard for the truth.

66.     As a direct and proximate result of the publication of the statements challenged herein, Gottwald has suffered actual damages, including pecuniary loss (including an adverse impact to publishing revenue stream), damages for mental suffering and damages for injury to reputation, in an amount to be proven at trial.  As a direct and proximate result of the publication of the statements challenged herein, Gottwald has suffered ridicule, hatred and contempt.

67.     Gottwald is also entitled to an award of punitive and exemplary damages in an amount sufficient to punish Jones for her malicious conduct and to deter her from similar future conduct.

-13-

575442.1

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.     On Count I, as against Defendants Brain, Young and Conjerti, for a declaration that "*Tik Tok*" was independently created by Plaintiffs and does not copy or infringe "*My Slushy*."

2.     On Counts II and III, for Defendants' profits and for damages in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each act of infringement; or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

3.     On Counts II and III, for a preliminary and a permanent injunction enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from:  (i) directly or indirectly infringing in any manner any of Plaintiffs' copyrights (whether now in existence or hereafter created), including without limitation, "*Tik Tok*"; and (ii) from causing, contributing to, enabling, facilitating or participating in the infringement of any of Plaintiffs' copyrights, including without limitation, "*Tik Tok*".

4.     On Count IV, as against Jones, for compensatory, punitive and exemplary damages in such amount as may be awarded at trial.

5.     For such other and further relief as the Court may deem just and proper, including attorneys' fees and full costs, including pursuant to 17 U.S.C. Section 505.

DATED:   New York, New York          MITCHELL SILBERBERG & KNUPP LLP
         March 2, 2011

                                     By: _Christine Lepera_____
                                     Christine Lepera (CL 9311)
                                     Christina E. Djordjevich (CD 6262)
                                     12 East 49th Street, 30th Floor
                                     New York, New York 10017
                                     Telephone: (917) 546-7703
                                     Facsimile: (917) 546-7673

                                     Attorneys for Plaintiffs

575442.1

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   New York, New York
         March 2, 2011

MITCHELL SILBERBERG & KNUPP LLP

By: _Christine Lepera_

Christine Lepera (CL 9311)
Christina E. Djordjevich (CD 6262)
12 East 49th Street, 30th Floor
New York, New York 10017
Telephone: (917) 546-7703
Facsimile: (917) 546-7673

Attorneys for Plaintiffs

-16-

575442.1