USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUKASZ GOTTWALD p/k/a DR. LUKE, individually and doing business as Kasz Money Publishing; BENJAMIN LEVIN p/k/a BENNY BLANCO, individually and doing business as Matza Ball Music; KESHA SEBERT, individually and doing business as Dynamite Cop Music; and PRESCRIPTION SONGS LLC d/b/a Where Da Kasz At?,

      Plaintiffs-Counterclaim Defendants,

v.

CHRISTINA S. JONES p/k/a CHRISSY; DOW S. BRAIN; BRADLEY K. YOUNG; SAM CONJERTI JR.; and DOES 1-10,

      Defendants-Counterclaim Plaintiffs.

---

CHRISTINA S. JONES p/k/a CHRISSY; DOW S. BRAIN; BRADLEY K. YOUNG; SAM CONJERTI JR. and EVAN SHAPIRO,

      Third Party Plaintiffs,

v.

SONY MUSIC ENTERTAINMENT d/b/a RCA/Jive Label Group; and SONGS OF KOBALT MUSIC PUBLISHING,

      Third Party Defendants.

---

Case No. 11 Civ. 1432 (CM) (FM)

[ADDITIONAL CAPTION ON NEXT PAGE]

EVAN SHAPIRO,

    Third Party Plaintiff,

v.

LUKASZ GOTTWALD, p/k/a DR. LUKE, individually and doing business as Kasz Money Publishing; BENJAMIN LEVIN p/k/a BENNY BLANCO, individually and doing business as Matza Ball Music; KESHA SEBERT, individually and doing business as Dynamite Cop. Music; and PRESCRIPTION SONGS LLC d/b/a Where Da Kasz At?,

    Third Party Defendants.

## DECISION AND ORDER GRANTING PLAINTIFFS'-COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM

McMahon, J.

## I.    INTRODUCTION

Plaintiffs LUKASZ GOTTWALD, BENJAMIN LEVIN, KESHA SEBERT, and PRESCRIPTION SONGS LLC (hereinafter the "Tik Tok Parties") instituted this action against CHRISTINA S. JONES, DOW S. BRAIN, BRADLEY K. YOUNG, SAM CONJERTI, JR., and DOES 1-10 (hereinafter the "My Slushy Parties") seeking a declaratory judgment that their composition, "Tik Tok," does not infringe upon the My Slushy Parties' composition, "My Slushy," as well as monetary damages and injunctive relief for the My Slushy Parties' alleged direct or contributory infringement of "Tik Tok" and for Christina S. Jones' defamatory statements about Lukasz Gottwald posted on the Internet.

2

The My Slushy Parties asserted counterclaims against the Tik Tok Parties as part of their answer to the complaint on April 22, 2011.[1] (ECF Dkt. No. 10.) The Tik Tok Parties now move to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e).

For the reasons set forth below, the Tik Tok Parties' motion to dismiss the counterclaim is GRANTED and the motion in the alternative for a more definite statement is DENIED as moot.

Because dismissal of the counterclaim necessarily determines, at least, the issues raised by the Tik Tok Parties' prayer for a declaration, this Court directs that judgment be entered in favor of the Plaintiffs-Counterclaim Defendants on Count I of the Complaint for a declaration that their song "Tik Tok" does not infringe defendants' song "My Slushy."

## II.  BACKGROUND

The Tik Tok Parties instituted the present action in response to the My Slushy Parties' "well-publicized smear campaign on the Internet" which allegedly asserted that "Tik Tok" infringes "My Slushy." (Comp. ¶5.) "Tik Tok" is a hit popular music single featured on Kesha Sebert's[2] album "Animal," while "My Slushy" is a lesser known musical composition authored and performed by the My Slushy Parties. (Comp. ¶¶2, 5.) The My Slushy Parties allege that "'My Slushy' has been featured on Redbana's 'Dance Audition' website, a popular online video game with millions of users." (Answer and Counterclaim/Third Party Claim for Copyright Infringement ("Ans.") at 10, ¶13.)

---

[1] The My Slushy Parties also asserted third party claims against a number of third party defendants, including the Tik Tok Parties. However, those claims are not at issue here.
[2] The Court notes that Ms. Sebert performs under the name of "Ke$ha," but adopts the spelling of Ms. Sebert's name as written in the caption.

3

The Tik Tok Parties allege that the My Slushy Parties have posted a video on YouTube entitled "Ke$ha's 'Tik Tok' and Chrissy's 'My Slushy' — Compare!" which juxtaposes portions of the two songs in an audio recording and makes use of visual text accusing the Tik Tok Parties of plagiarizing "My Slushy." (Comp. ¶6.) The Tik Tok Parties also allege that Christina S. Jones published a blog post on her MySpace page which accused Lukasz Gottwald of plagiarizing material from "My Slushy." (Comp. ¶7.)

Predictably, the My Slushy Parties counterclaimed against the Tik Tok Parties, alleging that the Tik Tok Parties had access to "My Slushy" through a connection with music producers Joey Bermudez ("Bermudez") and Ronnie "Chico" DiCicco ("Chico"), who have remixed certain songs for Lukasz Gottwald. (Ans. at 9-10, ¶¶9-11.) The My Slushy Parties allege that Bermudez and Chico have produced songs for Christina S. Jones and were given copies of "My Slushy." (Ans. at 10, ¶12.) Finally, the My Slushy Parties allege that "Tik Tok" is substantially similar to "My Slushy" and that the Tik Tok Parties are using the portions of "My Slushy" incorporated into "Tik Tok" without license or agreement, thus infringing upon the My Slushy Parties' copyright. (Ans. at 10, ¶¶15-16).

### III. DISCUSSION

#### A. Standard of Review on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." Lee v. Sony BMG Music Entertainment, Inc., 557 F. Supp. 2d 418, 423 (S.D.N.Y. 2008) (citing Frasier v. Gen. Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991)). "The court is also required to read a complaint generously,

drawing all reasonable inferences from its allegations in favor of the plaintiff." Id. (citing California Motor Transp., Co. v. Trucking Unlimited, 404 U.S. 508 (1972). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. 544 (2007)). However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citations omitted). In sum, a "plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. 544 (2007)).

**B.     Consideration of Matters Outside the Pleadings**

Generally, "'If, on a motion under 12(b)(6)…matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56' and '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" See, e.g., Madu, Edozie, & Madu P.C. v. Socketworks Ltd. Nigeria, 265 F.R.D. 106, 122 (S.D.N.Y. 2010) (quoting Fed. R. Civ. P. 12(d)). The Tik Tok Parties and the My Slushy Parties have both attached affidavits to their motion papers, which this Court declines to consider at this time, as this Court declines to convert the instant motion into a motion for summary judgment. See Fed. R. Civ. P. 12(d).

5

However, this Court may and will consider the recordings of the particular works at issue in this case. Although recordings were not attached to the original complaint (or counterclaim), complaints are deemed to include "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (citing Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)). The very crux of the allegations presented by the present counterclaim is whether the Tik Tok Parties infringed upon the "My Slushy" copyright, and so it is beyond cavil that the My Slushy Parties relied upon these two recordings in asserting their counterclaims against the Tik Tok Parties.

### C.  Elements of a Copyright Infringement Claim

"To establish a *prima facie* case of copyright infringement, a plaintiff must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Warner Bros. Entertainment, Inc. v. RDR Books, 575 F. Supp. 2d 513, 533 (S.D.N.Y. 2008) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Here, the Tik Tok Parties have not disputed that the My Slushy Parties own a valid copyright in "My Slushy," and the inquiry necessarily turns to the second prong of the *prima facie* case.

"[A] plaintiff must first show that his work was actually copied…[and] then must show that the copying amounts to an improper or unlawful appropriation." Castle Rock Entertainment v. Carol Publ'g. Grp., Inc., 150 F.3d 132, 137 (2d Cir. 1998) (quoting Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139-40 (2d Cir. 1992)). Actual copying may be established either by (a) direct evidence of copying or (b) by indirect evidence, which includes access to the copyrighted work, "probative" similarities between the two works, and expert testimony. Id. "The plaintiff then must show that the copying amounts to an 'improper' or 'unlawful'

6

appropriation, by demonstrating that substantial similarities relate to protectible material." Laureyssens, 964 F.2d at 139-40 (citing Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir. 1946)). On the issue of copying, "analysis ('dissection') is relevant," but on the issue of unlawful appropriation, "the test is the response of the ordinary lay hearer; accordingly, on that issue, 'dissection' and expert testimony are irrelevant." Arnstein, 154 F.2d at 468.

For the purposes of this motion, this Court need not determine whether or not the My Slushy Parties have satisfied their burden of alleging sufficient facts to show actual copying, because the My Slushy Parties' counterclaim fails under the substantial similarity standard incorporated in the unlawful appropriation analysis.

D. **The My Slushy Parties' Counterclaim Fails to Meet the Substantial Similarity Standard**

To determine whether two works are substantially similar, "the proper inquiry is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." Sheldon Abend Revocable Trust v. Spielberg, 748 F. Supp. 2d 200, 205 (S.D.N.Y. 2010) (citing Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001)). "[W]here the points of dissimilarity exceed those that are similar and those [similarities] are—when compared to the original work—of small import quantitatively or qualitatively [then] a finding of no infringement is appropriate." Rogers v. Koons, 960 F.2d 301, 308 (2d Cir. 1992). "In most cases, the test for substantial similarity is the so-called ordinary observer test...i.e., whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 768 F. Supp. 2d 672, 680 (S.D.N.Y. 2011) (citing Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995)).

"In the context of music plagiarism, the Second Circuit has described this ordinary observer test as requiring proof that 'defendant took from plaintiff's works so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such ... music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff.'" Pyatt v. Raymond, No. 10 Civ. 8764, 2011 WL 2078531, at *4 (S.D.N.Y. May 19, 2011) (citing Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997)).

The Second Circuit has also "noted that when faced with works that have both protectible and unprotectible elements, [the] analysis must be more discerning, and that [a court] must attempt to extract the unprotectible elements from [] consideration and ask whether the protectible elements, standing alone, are substantially similar." Peter F. Gaito Architecture, LLC v. Simone Development Corp., 602 F.3d 57, 66 (2d Cir. 2010) (citing Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 123 (2d Cir. 1994) and Knitwaves). Regardless of whether the "ordinary observer" or "more discerning" test applies, the Second Circuit has "disavowed any notion that [a court] is required to dissect [the works] into their separate components, and compare only those elements which are in themselves copyrightable. Instead, we are principally guided by comparing the contested design's total concept and overall feel with that of the allegedly infringing work, as instructed by our good eyes and common sense." Gaito, 602 F.3d at 66 (citing Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 133 (2d Cir. 2003) and Hamil Am. Inc. v. GFI, 193 F.3d 92, 102 (2d Cir. 1999)).

"In this Circuit, it is permissible for a district court to make a determination as to substantial similarity on a Rule 12(b)(6) motion to dismiss." Pyatt, 2011 WL 2078531, at *5 (citing Gaito, 602 F.3d at 64). "[W]hen the works at issue are attached to the complaint, it is entirely appropriate for the district court to consider the similarity between those works in

connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation." Id. As in Pyatt and as stated supra, the My Slushy Parties clearly relied on the works at issue in raising this counterclaim, and the Court therefore proceeds to compare and analyze the works accordingly.

### 1. Lyrical Comparison of "My Slushy" and "Tik Tok"

| "My Slushy" | "Tik Tok" |
|---|---|
| [Introduction] | [Verse 1] |
| Oooooh___, yeah, oooh___<br>Yeah, I'm sippin' on my slushy, my slushy, My slushy,<br>Yeah, I'm sippin' on my slushy 'cause it tastes so fresh | Wake up in the morning feeling like P. Diddy<br>(Hey, what's up girl?)<br>Got my glasses, I'm out the door, I'm gonna hit this city (Let's go)<br>Before I leave, brush my teeth with a bottle of Jack<br>'Cause when I leave for the night, I ain't comin' back |
| [Verse 1] | |
| Ridin' 'round the streets on a hot summer day<br>Got the drop top down, cruisin' the freeway<br>The sun is beatin' down on my jet black dash<br>(sunshine)<br>Turn the radio up to hear my hip-hop or rap<br>And I'm lookin' at the clock, it's eleven to the seven,<br>Time to make a stop at the Seven Eleven<br>Gonna get me a slushy in that great big cup<br>It's time to tear it up, so what what what's up? | I'm talking – pedicure on our toes (toes)<br>Trying on all our clothes (clothes)<br>Boys blowing up our phones (phones)<br>Drop-topping, playing our favorite CDs<br>Pulling up to the parties<br>Trying to get a little bit tipsy___ |
| | [Chorus 2x] |
| [Chorus] | Don't stop, make it pop<br>DJ, blow my speakers up<br>Tonight, I'ma fight<br>'Til we see the sunlight<br>Tik Tok, on the clock<br>But the party don't stop no<br>Oh oh ah oh<br>Oh oh ah oh |
| Yeah, I'm sippin' on my slushy, my slushy, my slushy<br>Yeah, I'm sippin' on my slushy 'cause it tastes so fresh<br>My slushy, yeah, my slushy<br>When you mix up all the flavors that's when it tastes best | |
| | [Verse 2] |
| | Ain't got a care in the world, but got plenty of beer |

9

[Verse 2]

Sometimes I like to pour it in a Big Gulp cup
And I get out a spoon and mix all the flavors up
Other times I like to drink it without the lid
And I grab a thick straw to get the last sip
But you gotta make sure that you don't drink it too quick
'Cause it goes right to your head and makes your body twitch
Nothing beats a slushy when it goes down smooth (so smooth)
Sippin' on a slushy is my favorite thing to do

[Chorus]

Yeah, I'm sippin' on my slushy, my slushy, my slushy
Yeah, I'm sippin' on my slushy 'cause it tastes so fresh
My slushy, yeah, my slushy
When you mix up all the flavors that's when it tastes best

[Bridge]

Tell me, what's your favorite kind of slushy to drink
Do you like the red, green, the purple or pink?
Tell me what your favorite kind of slushy is
Have you wilin' out just like you were a kid

[Chorus 2x]

Yeah, I'm sippin' on my slushy, my slushy, my slushy
Yeah, I'm sippin' on my slushy 'cause it tastes so fresh

Ain't got no money in my pocket, but I'm already here
And now the dudes are lining up 'cause they hear we got swagger
But we kick 'em to the curb unless they look like Mick Jagger

I'm talkin' about – err'body getting crunk, crunk
Boys try to touch my junk, junk
Gonna smack him if he getting too drunk, drunk
Now, now – we going 'til they kick us out (out)
Or the police shut us down, down
Police shut us down, down
Po Po shut us-

[Chorus 2x]

Don't stop, make it pop
DJ, blow my speakers up
Tonight, I'ma fight
'Til we see the sunlight
Tik Tok, on the clock
But the party don't stop no
Oh oh ah oh
Oh oh ah oh

[Bridge]

(DJ) You build me up, you break me down
My heart it pounds, yeah you got me
With my hands up, you got me now
You got that sound, yeah you got me (ohh_)
DJ, you build me up, you break me down
My heart, it pounds, yeah you got me (ohh_)
With my hands up, put your hands up
Put your hands up

Now the party don't start 'til I walk in

10

My slushy, yeah, my slushy
When you mix up all the flavors that's when it tastes best

[Bridge]

Tell me, what's your favorite kind of slushy to drink
Do you like the red, green, the purple or pink?
Tell me what your favorite kind of slushy is
Have you wilin' out just like you were a kid.

[Chorus 2x]

Don't stop, make it pop
DJ, blow my speakers up
Tonight, I'ma fight
'Til we see the sunlight
Tik Tok, on the clock
But the party don't stop no
Oh oh ah oh
Oh oh ah oh

A comparison of the lyrics reveals not a scintilla of similarity between "My Slushy" and "Tik Tok." In fact, the only non-trivial item that these two sets of lyrics share are a reference to a "drop top" and "drop-topping" respectively. However, "drop top" is a colloquial phrase referring to a convertible, and as such is not subject to copyright protection. See, e.g., Lessem v. Taylor, 766 F. Supp. 2d 504, 513 (S.D.N.Y. 2011) ("Common phrases are not subject to copyright protection."). The themes of the two songs are also completely different. "My Slushy" is about a girl quenching her thirst with a refreshing, frozen beverage after joyriding on a hot summer's day. "Tik Tok," however, is about a woman who prepares for a night out of heavy drinking and dancing, proceeding to do so until dawn. The two works are devoid of any lyrical or thematic similarity.

2.  **Musical Comparison of "My Slushy" and "Tik Tok"**

The My Slushy Parties argue that this Court should not rule on the issue of substantial similarity before discovery and without the benefit of expert testimony. (Brief in Opp. to Motion to Dismiss Counterclaim at 8-9.) However, this Court has been diligent in making clear that the similarity inquiries required by the copying and unlawful appropriation analyses are not to be conflated. As already stated supra, on the issue of copying, "analysis ('dissection') is relevant,"

11

but on the issue of unlawful appropriation, "the test is the response of the ordinary lay hearer; accordingly, on that issue, 'dissection' and expert testimony are irrelevant." Arnstein, 154 F.2d at 468. Therefore, this Court need not wait for discovery or expert testimony to rule on the issue of substantial similarity "because the court has before it all that is necessary in order to make such an evaluation." Pyatt, 2011 WL 2078531, at *5 (citing Gaito, 602 F.3d at 64). "If, in making [this] evaluation, [the Court] determines that the two works are not substantially similar as a matter of law, [this Court] can properly conclude that the [counterclaim], together with the works incorporated therein, do not plausibly give rise to an entitlement to relief." Gaito, 602 F.3d at 64 (citing Kregos v. A.P., 3 F.3d 656, 664 (2d Cir. 1993) and Iqbal, 129 S.Ct. at 1950).

The music of the two works is not at all similar. Although both works incorporate women performing in a "sing-song" type of voice, "My Slushy" is in the major key and has an unmistakably brighter feel and tone, colored by its use of background chords performed on acoustic guitar. In stark contrast, "Tik Tok" has a much darker feel and tone (reflecting use of the minor), more related to dance or "dance-pop" music. The two "melodies" (to the extent that a melody can be said to be a feature of this type of "music") sound nothing alike. The two songs share the same rhythmic pulse, but this is not copyrightable.

Since no "average lay observer would recognize ['Tik Tok'] as having been appropriated from ['My Slushy']," the My Slushy Parties' counterclaim must be dismissed. See Gaito, 602 F.3d at 66. Because this Court dismisses the counterclaim, there is no need to address the Tik Tok Parties' motion in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e).

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS the Tik Tok Parties' motion to dismiss the counterclaim, and the counterclaim is dismissed with prejudice. The Tik Tok Parties' motion for a more definite statement is DENIED as moot.

Additionally, this Court directs that judgment be entered in favor of the Plaintiffs-Counterclaim Defendants on Count I of the Complaint for a declaration that their song "Tik Tok" does not infringe defendants' song "My Slushy."

The Clerk of the Court is directed to remove the motion at Docket # 19 from the Court's list of pending motions.

Dated: September 12, 2011

_____
U.S.D.J.

BY ECF TO ALL PARTIES